UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE RETREAT AT GLEANNLOCH FARMS HOA, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| ASI LLOYDS, LARRY C. JONES INSURANCE AGENCY, AMILEX CONSULTANTS LLC, MICHAEL FOWLER, ALAN BERRYHILL, CROSSPOINTE CONSTRUCTION, INC., AND ALLEN LAYNE, | § § § § § § § | CIVIL ACTION NO. 4:17-cv-00891 |
| Defendants. | § § | |

## DEFENDANT ASI LLOYDS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant ASI Lloyds ("ASI") hereby removes the action styled and numbered, *The Retreat at Gleannloch Farms HOA v. ASI Lloyds, Larry C. Jones Insurance Agency, Amilex Consultants LLC, Michael Fowler, Alan Berryhill, Crosspointe Construction Inc., and Allen Layne*, currently pending in the 11th Judicial District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.
## STATE COURT ACTION

1.     On February 16, 2017, The Retreat at Gleannloch Farms HOA ("Plaintiff") filed its Original Petition in Cause No. 201710829 against ASI, Larry C. Jones Insurance Agency ("Jones"), Amilex Consultants LLC ("Amilex"), Michael Fowler ("Fowler"), Alan Berryhill

("Berryhill"), Crosspointe Construction Inc. ("Crosspointe"), and Allen Layne ("Layne") (collectively "Defendants").

2.      Plaintiff's Original Petition alleges various causes of action against Defendants for violations of the Texas Deceptive Trade Practices Act (DTPA), breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, negligent hiring, negligence, gross negligence, and/or fraud.[1]

## II.
## DEFENDANT'S NOTICE OF REMOVAL IS TIMELY

3.      Plaintiff served Defendants with suit on February 24, 2017.

4.      Defendants filed their answer on March 13, 2017.

5.      No further pleadings have been filed, and no proceedings have yet occurred in the Harris County action. ASI, therefore, timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

6.      ASI need not obtain Jones's, Crosspointe's, or Berryhill's consent to removal as these three defendants were improperly joined.[2] Nevertheless, Crosspointe, Jones and Berryhill consent to removal.

## III.
## VENUE IS PROPER

7.      Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. §§ 124(a)(5) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

---

[1]    *See* Plaintiff's Original Petition, Exhibit B.

[2]    *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

**IV.**
**PARTIES**

8.      Plaintiff is a homeowners' association for multiple homes located in Harris County, Texas and is a citizen of Texas for purposes of diversity of citizenship.[3]

9.      ASI was, and at the date of this Notice, remains an association of underwriters. The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, John F. Auer, Edwin L. Cortez, Mary F. Fourmet, Philip L. Brubaker, Pat McCrink, Jeff Hannon and Angel Conlin. Each of these underwriters is a citizen of the State of Florida. Fifth Circuit jurisprudence is clear that, for purposes of federal jurisdiction, the citizenship of an unincorporated association depends on the citizenship of its members.[4]  Therefore, ASI is not a citizen of Texas for purposes of diversity jurisdiction.

10.      Defendant Amilex is a corporation incorporated in Mississippi with a principle place of business in Mississippi. Amilex is a citizen of Mississippi for purposes of diversity jurisdiction.

11.      Defendant Fowler is an independent adjuster who resides in Mississippi. Fowler is a citizen of Mississippi for purposes of diversity jurisdiction.

12.      Defendant Layne is an adjuster who resides in Mississippi. Layne is a citizen of Mississippi for purposes of diversity jurisdiction.

13.      Defendant Jones is an insurance agent who is a resident of Texas. Jones is a citizen of Texas for purposes of diversity jurisdiction.

---

[3]      *See* Plaintiff's Original Petition at ¶2, attached as Exhibit B.

[4]      *See Massey v. State Farm Lloyds Ins. Co., 993 F. Supp. 568, 570* (S.D. Tex. 1998); *see also Gore v. Stevenson*, 616 F. Supp. 895, 898-99 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).

14.     Defendant Crosspointe is incorporated in Texas with its principle place of business in Texas. Crosspointe is a citizen of Texas for purposes of diversity jurisdiction.

15.     Defendant Berryhill is a consultant who resides in Texas. Berryhill is a citizen of Texas for purposes of diversity jurisdiction.

16.     Because Jones, Crosspointe, and Berryhill were improperly joined as defendants in this action, their citizenship should be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and the properly joined defendants (now and on the date Plaintiff filed this lawsuit).

## V.
## BASIS FOR REMOVAL

17.     Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.

**A.     Removal is proper because there is complete diversity and Plaintiff's claimed damages exceed this court's jurisdictional threshold of $75,000.**

18.     Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and the properly-joined defendants, ASI, Amilex, Fowler, and Layne, and because the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees.

19.     If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, ASI's burden is satisfied.[5] In Plaintiff's Original Petition, Plaintiff seeks damages of "no less than

---

[5]     *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

$1,000,000."[6] Thus, it is facially apparent that Plaintiff's claims exceed the jurisdictional minimum of $75,000.01.

20.    Diversity of citizenship exists when a suit is between citizens of different states or citizens of a state and citizens of a foreign state. 18 U.S.C. § 1332(a)(1)-(2). There is now, and was at the time this action was filed, complete diversity between Plaintiff and the properly-joined defendants, ASI, Amilex, Fowler, and Layne. The citizenship of the improperly-joined defendants, Jones, Crosspointe, and Berryhill, should be disregarded for purposes of determining whether diversity jurisdiction exists.[7]

> **B.    There is no reasonable basis in which Plaintiff can establish a cause of action against the non-diverse defendants.**

21.    Removal jurisdiction is determined on the basis of the claims in the state court pleading as it exists at the time of removal.[8]  To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must show either (1) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant under state law, or (2) actual fraud in the pleading of jurisdictional facts.[9]  Here, the first clearly applies.  The standard for such an inquiry is whether the defendant has demonstrated that "there is no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant.[10] The mere hypothetical possibility that an

---

[6]    *See* Plaintiff's Original Petition at ¶161, attached as Exhibit B.

[7]    *See Heritage Bank v. Redcom Labs, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000).

[8]    *See Castellanos v. Bridgestone Corp.,* 215 F.Supp.2d 862, 864 (S.D. Tex. July 22, 2012); *Cavallini v. State Farm Mutual,* 44 F.3d 256, 262 (5th Cir. 1995).

[9]    *Melder v. Allstate Corp.,* 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[10]    *Neubauer v. Logan's Roadhouse of Texas, Inc.,* Civil Action No. L-09-81, 2009 WL 4263471, at *3 (S.D. Tex. Nov. 24, 2009) (citing *Smallwood,* 385 F.3d at 573).

---

action against the non-diverse defendant could exist is not enough to preclude a finding of improper joinder.[11]

22.    This court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the petition to determine whether the petition states a claim under state law against the non-diverse defendant.[12]  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  However, where a plaintiff has stated a claim, but has misstated or omitted *discrete facts* that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[13]

23.    The Southern District of Texas has held that merely because a plaintiff employs the term "defendants" in paragraphs does not render the petition one that states specific, factually-based claims against each named defendant.[14] Here, there is no reasonable basis for predicting that Plaintiff might establish liability against Jones, Crosspointe, or Berryhill. Although Plaintiff separates the boiler-plate causes of action by each defendants, the *factual* allegations from which these causes of action are based are not discrete, but rather are broad, generalized and encompass all named defendants.

24.    In other words, the majority of Plaintiff's factual allegations by which causes of action are derived refer to *all* defendants. In fact, Plaintiff consistently refers to Defendants throughout the pleading making generalized statements such as: "[d]efendants' conduct" and alleges a majority of the same causes of action against all Defendants, stating "[d]efendants failed to assess the claim thoroughly" and "[d]efendants' misrepresentations, unreasonable delays and

---

[11]    *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[12]    *Smallwood.*, 385 F.3d at 573.

[13]    *Id.*

[14]    *See Druker v. Fortis Health*, 2007 WL 38322 at *3-4 (S.D. Tex. Jan. 4, 2007) (citing *Cavallini*, 44 F.3d at 260).

continued denials constitute breach of statutory obligations under Chapters 541 and 542 of the Texas insurance Code."[15]

25.     As alluded to above, Plaintiff simply regurgitates the elements of the DTPA and the Texas Insurance Code against Defendants. Therefore, Plaintiff's claims are baseless in both law and fact.[16] This Court should also note that Plaintiff's Counsel has repeatedly filed boilerplate, standard-form petitions with the intention of defeating diversity jurisdiction.

26.     Furthermore, as a matter of law, Plaintiff has no causes of action against Jones (an insurance agent) nor against Crosspointe and Berryhill (consultants).

### *1.   Plaintiff has no causes of action against Jones.*

27.     Texas courts have determined that a Plaintiff's claims under the DTPA and Texas Insurance Code require misrepresentations of material fact.[17] Additionally, as a prerequisite to recovery against an insurance agent, the alleged misrepresentations by the agent must pertain to a

---

[15]   *See* Plaintiff's Original Petition, Exhibit B ¶¶ 41-47.

[16]   *See Leinneweber v. Unicare Life & Health Ins. Co.*, No. A-09-CA-657-SS, 2009 WL 3837873 (W.D. Tex., Nov. 12, 2009) (finding fraudulent joinder where the factual allegations in the complaint were mere recitations of the elements of the causes of action all directed to generic defendants); *Nasti v. State Farm Lloyds*, NO. 4:13–CV–1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer 'the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster''); *Jones v. Allstate Ins. Co.*, No. 3:13–cv–4027–BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 3-13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code); *Van Tassel v. State Farm Lloyds*, No. 4:12–CV–3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer); *Leinneweber v. Unicare Life & Health Ins. Co.*, No. A-09-CA-657-SS, 2009 WL 3837873 (W.D. Tex., Nov. 12, 2009) (finding fraudulent joinder where the factual allegations in the complaint were mere recitations of the elements of the causes of action all directed to generic defendants), *Green v. Nationwide Mut. Ins.Co.*, No. A–12–CV–600 LY, 2012 WL 5188031 (W.D. Tex, Oct. 17, 2012) (finding improper joinder where the original petition failed to allege any individual acts by the improperly joined party that would indicate a violation of the Texas Insurance Code or the DTPA).

[17]   *See Druker* 2007 WL 38322 at *4 (citing *Griggs*, 181 F.3d at 694).

---

"specific policy term."[18] In one case, for instance, the Southern District held the Plaintiff's allegations of specific misrepresentations that the policy covered a *type of loss* (mudslides) was sufficient.[19] Moreover, an insured's reliance upon the misrepresentation must cause damages.[20] In other words, but for the misrepresentation, plaintiff would have taken steps to secure insurance that would cover the loss.[21]

28.     The *KIW* case is distinguishable from the facts at hand. Unlike in *KIW* where the plaintiff cited a discrepancy in representation with a specific cause of loss provision. Here Plaintiff merely alleges that Jones misrepresented an immateriality—the scope of coverage. Plaintiff states Jones "represented that the Policy Plaintiff purchased provided full coverage for hail and wind losses" and that the Policy sold by Jones did not afford full coverage and contained exclusions for limited coverage to the interior and exterior.[22] Jones represented that the policy covered hail and wind losses, and the policy does in fact cover hail and wind losses. The purported misrepresentation is not material.

29.     Moreover, although Plaintiff attempts to focus on representations regarding the scope of coverage as to the interior and exterior, nowhere in Plaintiff's exhaustive list of damages is it clear *which* policy provision(s) was (were) misrepresented.[23] Rather, Plaintiff essentially makes several cost comparisons which are no more than matters of opinion as to the extent of damage. Plaintiff has also failed to show a direct causation between reliance and damages.

---

[18]   *Id.* at *4-5 (citing *Griggs*, 181 F.3d at 701; *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc*., 966 S.W.2d 482 Tex. 1998).

[19]   *See KIW, Inc. v. Zurich American Ins. Co*., 2005 WL 3434977 at *3 (S.D. Tex. Dec. 14, 2005).

[20]   *See id.* at *5.

[21]   *See id*.

[22]   *See* Plaintiff's Original Petition ¶ 20, attached as Exhibit B.

[23]   *See* Plaintiff's Original Petition ¶ 35, attached as Exhibit B.

30.     For these reasons, Plaintiff has no causes of action against Jones. Joining Jones is yet another attempt in Plaintiff's Counsel's strategic scheme of defeating diversity jurisdiction.

> ### 2.     Under Texas law, Plaintiff has no causes of action against Crosspointe or Berryhill.

31.     The Texas Insurance Code regulates trade practices in the business of insurance by defining or providing for the determination of all such practices in the state which constitutes unfair methods of competition or unfair or deceptive trade practices.[24] Moreover, the Texas Insurance Code provides a private cause of action against a person that engages in an act or practice declared to be unfair or deceptive under the DTPA.[25]

32.     The Texas Supreme Court has clarified the meaning of "person" and explained that not every employee of an insurance company is a person under Section 541.151 [formerly TEX. INS. CODE art. 21.21 § 16] and therefore subject to suit under Section 541.151.[26] An employee who has no responsibility for the sale or servicing of insurance policies and no special insurance expertise does not engage in the insurance business.[27]

33.     In other words, Section 541.151 of the Texas Insurance Code provides a cause of action only against individuals whose job duties call for them to engage in the business of insurance.[28]

34.     Here, Crosspointe is not engaged in the business of insurance. Crosspointe is a construction company that specializes in home building and restoration, not insurance. In fact, Plaintiff's Original Petition even acknowledges that Crosspointe is not registered with the Texas

---

[24]   *See* TEX. INS. CODE § 541.151 (formerly TEX. INS. CODE ANN. art. 21.21 § 16(a)).

[25]   *See id.*

[26]   *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

[27]   *See id.*

[28]   *Id.* at 487.

Department of Insurance.[29] Likewise, Berryhill is not engaged in the business of insurance. Plaintiff correctly points out that Berryhill is not a licensed adjuster nor registered with the Texas Department of Insurance.[30]

35.     Neither Crosspointe nor Berryhill are engaged in the business of insurance. Plaintiff is merely attempting to destroy diversity jurisdiction.

## VI.
## COMPLIANCE WITH 28 U.S.C. § 1446

36.     In accordance with 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, Defendant files this Notice of Removal accompanied by the following exhibits:

- All executed process in the case, attached as Exhibit A.
- Plaintiff's Original Petition, attached as Exhibit B.
- Defendants' Original Answer, attached as Exhibit C.
- State Court Docket Sheet, attached as Exhibit D.
- An index of matters being filed, attached as Exhibit E.
- The list of all counsel of record, including addresses, telephone numbers and parties, attached as Exhibit F.

## VII.
## JURY DEMAND

37.     Plaintiff demanded a jury trial in the state court action.

## VIII.
## CONCLUSION

38.     In sum, under Texas law and based on knowledge of Plaintiff's Counsel's ongoing scheme of repeatedly alleging boilerplate causes of action against improper defendants, Plaintiff

---

[29]     *See* Plaintiff's Original Petition ¶7, attached as Exhibit B.

[30]     *See* Plaintiff's Original Petition ¶8, attached as Exhibit B.

has improperly joined Jones, CrossPointe or Berryhill. Like the plethora of other petitions filed by Plaintiff's Counsel, this is merely attempting to destroy diversity jurisdiction.

39.     Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

40.     Therefore, Defendant hereby provides notice that this action is duly removed.

Respectfully submitted,

By: */s Todd M. Tippett*
        Todd M. Tippett
        (Attorney-in-Charge)
        Texas Bar No. 24046977
        Southern District of Texas No. 573544
        ttippett@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:      214-742-3000
Facsimile:      214-760-8994

**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT ASI LLOYDS**

**OF COUNSEL:**

Andrew A. Howell
Texas Bar No. 24072818
Southern District of Texas No. 1751294
ahowell@zelle.com
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:      214-742-3000
Facsimile:      214-760-8994

**ATTORNEY FOR DEFENDANT**
**ASI LLOYDS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing has been served this 22nd day March 2017, by electronic filing as follows:

Chad T. Wilson
Bar No. 24079587
Kimberly N. Blum
Bar No. 24092148
CHAD T WILSON LAW FIRM PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone:      832-415-1432
Facsimile:      281-940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com
***Attorneys for Plaintiff The Retreat at
Gleannloch Farms HOA***

_/s/ Todd M. Tippett_
Todd M. Tippett