United States District Court
Southern District of Texas
**ENTERED**
July 11, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE RETREAT AT GLEANNLOCH FARMS HOA, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-17-891 |
| ASI LLOYDS, *et al.* | § § | |
| Defendants. | § § | |

**REMAND ORDER**

ASI Lloyds removed this insurance dispute based on federal diversity jurisdiction, alleging that several of the nondiverse defendants were improperly joined to defeat federal subject matter jurisdiction. Those defendants include the insurance broker, the Larry C. Jones Insurance Agency. The presence of a single nondiverse party defeats jurisdiction. If the court determines that one nondiverse party is properly joined, the action must be remanded, leaving it to the state court to decide which of the remaining parties are properly joined. The issue is whether the defendant has met its burden of showing that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The court "may conduct a Rule 12(b)(6)-type analysis." In so doing, the court must "apply the federal pleading standard embodied in that analysis." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F. 3d 193, 207-208 (5th Cir. 2016).

The court held a hearing at which counsel presented arguments on the motion to remand. (Docket Entry No. 10). For the reasons stated in detail on the record at that hearing, ASI Lloyds has failed to meet its burden of showing no reasonable possibility that the plaintiff could recover against

1

the Jones Insurance Agency on the claims alleged. The petition alleges sufficient facts, including specific conduct by the Jones Insurance Agency representatives, to support plausible inferences that: (1) the plaintiff has a claim against the Jones Insurance Agency under the Texas Insurance Code and related state-law causes of action the plaintiff asserted; and (2) the plaintiff has a reasonable possibility of recovering against the Jones Insurance Agency on those causes of action. *See Sanders v. Sentry Ins. A Mut. Co.*, Civil No. 16-164, Docket Entry No. 8 (N.D. Tex. Aug. 23, 2016). As to the first point, the defendants concede that there is a right of action against the Jones Insurance Agency for misrepresenting specific policy terms. As to the second point, the petition alleges that the Jones Insurance Agency expressly represented that the policy would fully cover wind and hail damage, but instead it had "specific exclusions" that limited "interior storm coverage" and had "only partial coverage for the exterior." (Docket Entry No. 1, Ex. 3 at 5).

ASI Lloyds suggested at the motion hearing that correspondence between the plaintiff and the insurer might preclude the plaintiff from recovering against the Jones Insurance Agency. ASI Lloyds argues that the parties' main dispute is over whether interior damage was properly excluded from the calculations of the covered losses. ASI Lloyds argues that the plaintiff alleged in its petition that the Jones Insurance Agency representatives misrepresented the exclusions for wind and hail losses, which were not the basis of the covered loss calculations ASI Lloyds presented. The court permitted ASI Lloyds to supplement the record with the claim-denial correspondence. (Docket Entry No. 9). In its supplemental filing, ASI Lloyds notes that the "letters do not refer to an exclusion related to interior damage, or any other exclusion for that matter." (*Id.* at 2). That does not help the defendants' position. Because the undisputed record does not show the specific policy exclusions the carrier relied on in its coverage determinations, the correspondence does not preclude

2

the plaintiff from recovering against the Jones Insurance Agency for allegedly misrepresenting the extent of coverage.

Because ASI Lloyds has not shown a basis for federal removal jurisdiction, remand is proper. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). This case is remanded to the 11th Judicial District Court of Harris County, Texas.

SIGNED on July 7, 2017 at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge